SIMEON STEPHENS, Appellant, *v.* THE PEOPLE, Appellees.

### APPEAL FROM BROWN.

On an appeal from a conviction for an assault and battery, a bond conditioned to pay whatever judgment may be rendered by the court, upon the dismissal or trial of the appeal, is defective, in not being as comprehensive as the statute requires.

A clause in the condition, to prosecute the appeal with effect, though not required by the statute, will not vitiate the bond.

A bond, conditioned to pay whatever judgment may be rendered upon dismissal or trial of an appeal, would not include a judgment that might be entered upon a plea of guilty. In such a case, there would be none of the elements of a trial.

It is the duty of officers taking appeal-bonds to pursue the directions of the statute; the obligation should be broad enough to comprise every case of liability contemplated by the statute.

An appellant from a conviction for an assault, assault and battery, and fray, has not a right, as a matter of course, to amend his bond.

THE facts of the case are stated in the opinion. MINSHALL, Judge, rendered the decision appealed from at the October term, 1851, of the Brown Circuit Court.

BROWNING & BUSHNELL, for appellant.

R. S. BLACKWELL, District Attorney, for appellees.

TREAT, C. J. Stephens was convicted of an assault and battery, and fined twenty-five dollars. He appealed to the Circuit Court, where the appeal was dismissed, because the condition of the bond was not in compliance with the statute. The court also refused a motion to amend the bond. Those decisions present the only questions in the case. The condition of the bond was as follows : " If the said Simeon Stephens shall prosecute his appeal with effect, and shall pay whatever judg-

ment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void." The statute required the bond to be "conditioned for the payment of the amount of whatever judgment the court may render against said defendant." Rev. Stat. ch. 59, § 99.

The clause in the condition to prosecute the appeal with effect, though not required by the statute, did not vitiate the bond. It could be disregarded, without detriment to the obligation. But, in other respects, the bond was clearly defective. The condition was not as comprehensive as the statute prescribed. The law required the bond to be conditioned for the payment of whatever judgment should be rendered against the appellant. The obligation in question did not embrace every case, in which a judgment might be entered against him by the Circuit Court. It only provided for the payment of such judgment as should be rendered on a trial of the case, or on a dismissal of the appeal. It did not include a judgment, that might be entered upon a plea of guilty by the appellant. In no legitimate sense, could such a judgment be regarded as within the terms of the obligation. For, in such a case, there would be none of the elements of a trial. There would not be any issue to be heard and determined, — something affirmed on one side, and denied upon the other, upon which a contest could arise, requiring the production of testimony, and a decision by a court or a jury. It might as well be insisted, that a judgment in an original suit entered on an assessment of damages by the clerk, or on a confession of the cause of action by the defendant in person or by attorney, would be a judgment rendered upon a trial of the case. It is the duty of officers, in taking appeal-bonds, to pursue the directions of the statute. In any event, the obligation should be broad enough to comprise every case of liability contemplated by the statute. In this case, a judgment entered on the confession of the appellant, would not be within the terms of the bond. The instrument not being in accordance with the statute, the surety could not be made responsible beyond the fair import of his undertaking. See Sharp *v.* Bedell, 5 Gilm. 88.

The court committed no error in refusing the motion to

amend.    An appellant has not a right, as a matter of course, to amend his bond in such a case.    The right is restricted to appeals in civil cases.    Swafferd *v.* The People, 1 Scam. 289; Walsh *v.* The People, 12 Ill. 77.

The judgment is affirmed.

*Judgment affirmed.*