Ham v. The People.

CLABORN HAM, Appellant, v. THE PEOPLE, Appellees.

APPEAL FROM PIKE.

Appeals from penalties for assault and battery, should be entered before the clerk of the circuit court. The act of the 9th February, 1853, did not change existing acts, as to the mode of taking an appeal; but extended the right to appeal, to cases not previously provided for, and authorized the amendment of appeal bonds.

THIS case was heard before P. H. WALKER, Judge, at September term, 1853, of the Pike Circuit Court.

C. L. HIGBEE, for appellant.

J. S. BAILEY, State's Attorney, for the people.

TREAT, C. J. In July, 1853, a justice of the peace imposed a fine upon Ham for an assault and battery. Within five days, Ham and a surety executed an appeal bond, which was approved by the justice. It was conditioned for the due prosecution of the appeal, and for the payment of whatever judgment might be rendered on the trial or dismissal of the appeal. In the circuit court, the State's attorney entered a motion to dismiss the appeal; and Ham made a cross motion to amend the bond. The court refused the motion to amend, and sustained the motion to dismiss. That decision is assigned for error.

The Revised Statutes give a party convicted of an assault and battery an appeal to the circuit court, on his entering into bond before the clerk within five days from the rendition of the judgment, conditioned for the payment of whatever judgment the court may render in the case. R. S. ch. 59, § 99. Under this provision, it was decided in Stephens v. The People, 13 Ill. 131, that a bond, with a condition like the one executed in this case, was not a compliance with the statute, and could not be amended. See also Swaffard v. The People, 1 Scam. 289, and Walsh v. The People, 12 Ill. 77. It was held in the cases of Edwards v. Vaudemark, 13 Ill. 633, and Ward v. The People, Ib. 635, that where jurisdiction over fines and penalties is conferred on justices of the peace, appeals will not lie from their decisions unless expressly given by statute. The act of the 9th of February, 1853, provides: " That in all cases where jurisdiction has been heretofore, or shall be hereafter given to any justice of the peace, mayor of a city, or other officer in this State, over any fine or penalty imposed for the violation of any law of this State, appeals shall be allowed, and may be taken to the circuit court of the county in the same manner that appeals are by law authorized to be taken, and prosecuted from judgments of justices of the peace in other cases. That in all cases of appeals from justices of the peace, mayors of cities, or other officers, no appeal shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend the same, so that a trial may be had on the merits of the case." The object of this act was to authorize appeals to be taken in cases not provided for by previous laws, and to allow appeal bonds to be amended in cases where that right did not already exist; and thus obviate the effect of the decisions referred to.

This was the full scope of its provisions. It was not the design to repeal existing statutes, but only to supply defects in them. The former part of the act has no application to this case, for the law already gave an appeal. Ham had only to go before the clerk and execute a bond, in order to secure the full benefit of an appeal. But he did not avail himself of this right. The attempt to take an appeal before the justice, was a mere nullity. That officer had no jurisdiction of the matter. Nor has the latter part of the act any application to the case. It relates to cases in which appeal bonds are informal or defective, and not to cases where appeals are not taken within the time, or before the officers specified in the statute. Here, no appeal was taken, and there was no bond to be amended. If the obligation in question had been approved by the clerk within five days from the entering of the judgment, this provision of the act would be applicable, and the defect could be cured by amendment. To permit the amendment to be made, would be equivalent to allowing an appeal to be taken after the expiration of the time limited by law.

The judgment is affirmed.

*Judgment affirmed.*