## ANDREW NEATHERLY

### V.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Jurisdiction—Appeal from Justice to County Court in Criminal Cases —Statutes—Repeal—Assault and Battery.*

1. Under the Act of May 21, 1877, the County Court has concurrent jurisdiction with the Circuit Court of appeals from Justices of the Peace in cases arising under the Criminal Code.
2. Where two acts can stand together, the doctrine of repeal by implication has no application.

[Opinion filed October 5, 1887.]

APPEAL from the County Court of Fayette County; the Hon. JAMES I. STILLMAN, Judge, presiding.

Complaint being made before a Justice of the Peace, charging Neatherly with the offense of assault and battery, he was arrested and upon trial was fined by the Justice $10 and costs, from which fine he appealed to the County Court.

That court upon motion dismissed his appeal upon the ground alone that the said appeal should have been taken to the Circuit Court and that the County Court had no jurisdiction in such appeals, and from that order the case is brought

by Neatherly to this court, where the only question submitted is, was the appeal properly taken to the County Court.

Messrs. CRATTY BROS. & ASCHCRAFT, for appellant.

Mr. J. M. ALBERT, for appellee.

PILLSBURY, J.   Section 9 of Division 9 of the Criminal Code, R. S. of 1874, provides that " the defendant may appeal from the judgment of the Justice of the Peace in criminal cases to the Circuit Court of the county, the appeal to be taken in the same time and manner, and upon the same conditions and with like effect, and like proceedings may be had thereon, as in civil cases, except that no damages shall be allowed, and except that in the County of Cook the appeal shall be to the Criminal Court of Cook County."

It is not denied that the prosecution at bar falls within the definition of criminal cases within the meaning of said section, and it is insisted by the people that the remedy therein provided is exclusive, as that section is still in full force and unrepealed.

March 26, 1874, an act was approved to extend the jurisdiction of the County Courts, the seventh section of which declared that " the County Courts shall have concurrent jurisdiction with the Circuit Courts in all that class of cases wherein Justices of the Peace now have or may hereafter have jurisdiction, where the amount claimed or the value of property in controversy shall not exceed $500, and in all criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary or death, all of which shall be cognizable at the law terms hereinafter mentioned. *Provided*, no appeal shall be allowed from Justices of the Peace to the County Courts." R. S. 1874, p. 339.

This was the state of the law until May 21, 1877, when the Legislature, by act on that day approved, enacted that section seven of the act of 1874 should be amended so as to read as follows: " Section 7.   The County Courts shall have concurrent jurisdiction with the Circuit Court in all that class of

cases wherein Justices of the Peace now have or may hereafter have jurisdiction, where the amount claimed or the value of property in controversy shall not exceed $1,000, concurrent jurisdiction in all cases of appeal from Justices of the Peace and Police Magistrate (provided, appeals from the County Judge when sitting as Justice of the Peace, shall be taken to the Circuit Court as now), and in all criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary or death, all of which shall be cognizable at the law terms hereinafter mentioned." Sess. Laws, 1877, p. 77.

It is seen from this act, concurrent jurisdiction with Circuit Courts was conferred upon County Courts in all cases of appeals from Justices of the Peace and Police Magistrates, with the exception that when the County Judge tries a cause sitting as a Justice the appeal from his judgment must be taken to the Circuit Court. This exception would include cases arising under the Criminal Code, Division 5, R. S. 1874, p. 398, and tried before such Judge as a conservator of the peace.

It is evident that in the view entertained by the Legislature, such exception was necessary to exclude appeals provided for in the Criminal Code from the County Judge when so acting, from the operation of the general terms of the act conferring such concurrent jurisdiction upon the County Court.

It was a complete change in the jurisdiction of those courts, respecting appeals, from that prescribed in the statute of 1874 above cited. In *that* no appeal was allowed to the County Court; in the *latter* concurrent jurisdiction with Circuit Courts was given.

It is not denied that the language of this act is broad enough in its ordinary signification to include the appeal in question in this case, but it is insisted that the words "in all cases of appeals from Justices of the Peace and Police Magistrates,'' are to be limited to appeals in civil causes, and not as applying to any appeals that are allowed to be taken to the Circuit Court by virtue of the section of the Criminal Code above noticed; and Ward v. People, 13 Ill. 635, Ham v. People, 15 Ill. 302, and other cases, are referred to as sustaining such view.

As we understand those cases the court was giving a con_

struction to that section of the statute relating to the jurisdiction of, and practice before Justices of the Peace in civil causes, and regulating the taking of appeals from their judgments, and held that the provision contained in that act, providing that "appeals from Justices of the Peace to the Circuit Court shall be granted in all cases except upon judgments confessed," only applied to civil cases tried before the Justice and was not intended to include criminal cases.

It being evident from the entire act that it was the intention of the Legislature in its enactment to simply provide for and regulate the practice before Justices of the Peace in civil matters, and that the act, as a whole, had no reference to criminal matters or procedure that might, under other acts, come before a Justice of the Peace, the court very properly limited the meaning of the word "all" in the section allowing appeals to the class of actions or proceedings provided for in the act as a whole. But the Act of 1877, extending the jurisdiction of County Courts, is not to be thus limited. There is nothing in the avowed object and purpose of the act, or in the title or context, that limits the ordinary and natural significance of the words used. If it be said that the act has for its object the conferring and prescribing the jurisdiction of the County Courts, and regulating the practice thereof in civil matters, it may be answered that the act relates to criminal matters as well as civil. Giving the County Court concurrent jurisdiction with the Circuit Court in all appeals from Justices of the Peace, does not, as is suggested, repeal that provision of the Criminal Code allowing like appeals to the Circuit Court. Both acts can well stand together, and in such case the doctrine of repeal by implication has no application. In our view the County Court erred in holding it had no jurisdiction, and its judgment dismissing the appeal will be reversed and the cause remanded, with directions to hear and determine the case upon the merits, notwithstanding its former action.

*Judgment reversed.*