### Robert H. Ehlert v. Security Deposit Company.

1. APPEALS AND ERRORS—*The Statute as to, Must be Followed.*—The right of appeal is statutory, and the statute must be followed and an appeal prayed for and allowed at the term at which judgment is rendered.

2. SAME—*Appeals in Forcible Detainer Cases.*—The forcible entry and detainer statute does not affect appeals in forcible detainer cases except to require that the bond be filed within five days from the date of the judgment and does not authorize an appeal after the end of the term at which judgment is rendered although such appeal be prayed for within five days from the date of the judgment.

3. SAME—*Application of Forcible Detainer Statute.*—The section of the forcible entry and detainer act in regard to appeals can have no application to an order of the Circuit Court dismissing an appeal from a judgment rendered by a justice of the peace in a forcible detainer suit as in such case there is "no verdict of a jury or decision of the court, upon any trial had under said act," as provided in said section.

4. SAME—*Application of Five Days Clause in Forcible Detainer Statute.*—The five days clause as to appeals in forcible detainer cases only applies to appeals from justices of the peace and cases originally begun in a court of record and not to appeals from a court of record, where the case is tried in such court on appeal from a justice of the peace.

Transcript, from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1897. Appeal dismissed. Opinion filed October 21, 1897.

STIRLEN & KING and RICE & McCLANAHAN, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee recovered a judgment in forcible detainer before a justice of the peace, from which appellant appealed to

the Superior Court of Cook County, where the appeal was dismissed December 1, 1896, for a failure of appellant to comply with a rule theretofore entered to file a new bond. The appeal was dismissed at the November, 1896, term, and no appeal was prayed until December 7, 1896,. being the December term of the Superior Court. The appeal should have been prayed and allowed at the November term. Rev. Stat. Ill., Chap. 110, Sec. 68.

The right of appeal is statutory, and the statute must be followed. The forcible detainer statute does not aid appellant, or make the case different from that of any other appeal, except that the bond must be filed within five days. He still must pray appeal at the term when judgment is rendered. The forcible detainer act can have no application to this case, because there was "no verdict of a jury or decision of the court, upon any trial had under this act," as provided in that statute—only a dismissal of appellant's appeal—and also, under the ruling of the Appellate Court of the Third District, which we are inclined to think is correct (Davis v. Hamilton, 53 App. 96), the five days clause regarding appeals in forcible detainer cases only applies to appeals from the justice of the peace, and where the suit is originally begun in a court of record. Under these views it is unnecessary to consider the other questions argued by counsel, and the appeal is dismissed.

Judge SEARS took no part in this case.