THE FAMOUS MANUFACTURING COMPANY

*v.*

FRANCIS WILCOX *et al.*

*Opinion filed June 17, 1899.*

1. APPEARANCES—*appearance by attorney is presumptive evidence of authority to act.* An appearance by attorney, shown by the record on which judgment is entered, is regarded as presumptive evidence of the authority of the attorney to act.

2. SAME—*general appearance stands in lieu of service of process.* A general appearance stands in lieu of service of process, and the party so appearing is no more entitled to withdraw from the case than one who has been regularly served with process.

3. SAME—*effect of attorney's withdrawal from case after entering appearance.* The withdrawal of an attorney from the case after en-

tering the defendant's general appearance by authority and filing
a demurrer does not withdraw the demurrer or affect the court's
jurisdiction over the defendant.

4. EVIDENCE—*suit on foreign judgment—what competent on question
of attorney's authority to appear.* In a suit on a foreign judgment
rendered after the withdrawal of the attorney who had entered
defendant's appearance, affidavits filed in the original suit, and
made a part of the record, in support of a motion to set aside the
default on the ground of inadvertence and excusable neglect, may
be considered by the court in determining the question of the
attorney's authority to enter the appearance.

*Famous Manf. Co.* v. *Wilcox,* 80 Ill. App. 54, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WALTER OLDS, and EDWARD W. WICKEY, for appellant.

EDGAR BRONSON TOLMAN, and SUMNER C. PALMER, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of debt, brought by appellees, against appellant, a corporation of Chicago known as the Famous Manufacturing Company. The action was brought upon a judgment rendered in the district court of Bear Lake county, in the State of Idaho. The cause was tried in the circuit court on an agreed stipulation, and judgment was rendered in favor of the plaintiffs, which, on appeal, was affirmed in the Appellate Court.

There is but one question involved in the record, and that is, whether the district court of Idaho, when the judgment sued upon was rendered, had jurisdiction of appellant, by service of process or otherwise. A summons was issued by the clerk of the district court in the county of Bear Lake, Idaho, against the appellant on the

10th day of January, 1891, and delivered to the sheriff, and was served on C. H. Beall, a traveling agent of appellant, but it is conceded in the argument the service did not conform to the laws of the State of Idaho and that it was insufficient to confer jurisdiction on the court. It appears, however, that on the 20th day of January, 1891, S. J. Rich, an attorney, appeared for the defendant and filed a general demurrer to the plaintiffs' complaint. Afterwards, and on the 11th day of February, the attorney withdrew from the case and the demurrer was overruled and judgment rendered in favor of the plaintiffs. Afterwards, on October 12, 1891, the record shows that appellant, by John A. Bagley, its attorney, moved the court to set aside the default "upon the ground that the default was taken by inadvertence and excusable neglect," and in support of this motion filed his own affidavit and the affidavits of K. M. Turner, E. W. Wickey and S. J. Rich. The substance of the three affidavits was as follows: Bagley deposed that he was the attorney for appellant; that Beall was a traveling salesman of appellant and employed Rich; that Rich, "exercising due diligence," wrote and telegraphed to appellant for instructions, but receiving none was unable to make a defense and withdrew from the case, and that affiant, after investigation, verily believed that appellant had a good and substantial defense on the merits. K. M. Turner deposed that he was the duly appointed general agent of appellant, and had entire charge of its collection and claims department and of the suit against it by appellees; that S. J. Rich was duly appointed attorney for appellant to protect the suit, and that at the time Rich telegraphed for instructions, he, Turner, was seriously ill in bed and unable to give instructions as requested, and that Wickey, the only other person conversant with the case and authorized to give instructions, was out of the city. Wickey deposed that he was secretary for appellant; that Turner was appellant's agent and had charge of the suit, as stated in his

(Turner's) affidavit; that it was the intention of appellant to defend the suit, and that he, Wickey, was under the impression that instructions had been given the attorney to defend the suit. Rich deposed that he was employed by the appellant to defend the suit, through its traveling agent, Beall, and stated his reasons for withdrawal from the defense, substantially as stated in Bagley's affidavit. These affidavits were incorporated in and formed a part of the record upon which the action was brought, and the question presented is whether the court obtained jurisdiction by the appearance of the appellant.

Where the record in which a judgment is rendered shows an appearance by attorney, that is regarded as presumptive evidence of the authority of the attorney to act. (*Thompson* v. *Emmert,* 15 Ill. 415; *Whittaker* v. *Murray,* id. 293; *Lawrence* v. *Jarvis,* 32 id. 304.) The question presented here then is whether the evidence on the trial was sufficient to overcome the presumption that S. J. Rich was authorized to appear for appellant. From the evidence of Bagley, Turner, Wickey and Rich the fact seems to be clearly established that Rich was authorized to appear for appellant. Turner, who was general agent for appellant and who had charge of the suit brought against it, testified that "S. J. Rich was duly appointed attorney for appellant to protect the suit." It is true that it was stipulated on the trial that if Beall was present he would testify that he had no authority from appellant to employ Rich, and that Rich would testify, if present, that his employment by Beall was not approved by appellant. But if such testimony had been produced it would not have been sufficient to overcome the presumption that Rich had authority and the positive testimony of Turner, the general agent of appellant. Moreover, the fact that no claim was made by appellant when Bagley, its attorney, entered a motion to set aside the default, that Rich appeared without authority, is a strong circumstance tending to prove that he acted with authority.

It is, however, said that these affidavits are not competent evidence to establish the authority of Rich to appear for appellant. The affidavits are a part of the record or transcript upon which this action was brought. They were produced and filed in the original case by appellant. Under such circumstances, we think, they were competent evidence for the consideration of the court, tending to prove that Rich was authorized to appear as attorney for appellant. Moreover, if these affidavits were not the best evidence when they were offered on the trial, it was the duty of appellant then to object and point out the specific objection. That not having been done, the objection must be regarded as waived.

It is, however, said that when Rich withdrew his appearance it left the case as if no appearance had been entered. We do not concur in that view. The withdrawal of Rich as an attorney from the case did not withdraw the demurrer which had been filed on behalf of appellant, nor did it withdraw the appearance of appellant. (2 Ency. of Pl. & Pr. 697; *Mason* v. *Abbott*, 83 Ill. 445.) A general appearance, as was the case here, stands in lieu of the service of process, and the party whose general appearance has been entered in a cause is no more entitled to withdraw from the case than one who has been regularly served with process.

Complaint is made of the ruling of the court on propositions of law. The propositions of law held by the court at the instance of appellees may be somewhat inconsistent, yet as it is apparent, on the whole record, the judgment was right, the error, if committed, was harmless, and should not be ground for a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*