## Percie A. Lyman v. Edward Williams.

1. APPEALS FROM JUSTICES—*Defective Appeal Bonds.*—The filing of an appeal bond not signed by any party to the suit does not perfect the appeal so as to give the Circuit Court jurisdiction, and a judgment against the appellee in such a proceeding is irregular.

2. SAME—*General Appearance by Appellee—Practice.*—But in such a case, if the appellee enters his general appearance, the Circuit Court thereby acquires jurisdiction; and where a judgment is rendered before jurisdiction is acquired, the court should, on motion, vacate the same, and permit an amended appeal bond to be filed and retry the case.

Error to the Circuit Court of Du Page County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

HILLIS & McCOY, attorneys for plaintiff in error; CHAS. S. McCOY, of counsel.

CHAS. H. LEECH, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Williams sued Lyman before a justice of the peace, and upon the trial there was a judgment for defendant.    Within twenty days thereafter a bond was filed with the justice, purporting to be an appeal bond in said cause upon an appeal by the plaintiff, but it was executed by sureties only and not by the plaintiff.    The justice approved the bond and

transmitted the papers to the Circuit Court. In the Circuit Court the cause proceeded to a jury trial, verdict and judgment for plaintiff, without defendant having appeared. Thereafter, at the same term, defendant appeared and moved to vacate the judgment and reinstate the cause. Still later defendant entered a special appearance and moved to vacate the verdict and judgment for want of an appeal bond signed by plaintiff. About two months thereafter, and more than three months after judgment, plaintiff moved for leave to file a new bond, and said motion was granted and the motion of defendant was denied. Plaintiff was granted two extensions of time within which to file the bond, and finally did file a bond which was approved by the clerk of the court.

Reliance is had by appellee upon cases where there has been a defective execution of an appeal bond—as, where the bond was signed in the firm name with one seal instead of bearing the signature and seal of each partner; or where an officer of an appealing corporation by mistake signed his own name instead of the corporate name; or where a private instead of a corporate seal was attached. In such cases it is held an appeal has been perfected and the defect may be afterward cured. Here there was no attempt by the plaintiff to execute the bond. The fact that two persons did what they could to aid him to appeal by signing a bond as sureties for him does not make it his bond. We are disposed to hold no appeal was perfected. If not, the Circuit Court had no jurisdiction at the time it tried the cause, and if defendant had kept out of court the judgment could never have been enforced. But defendant afterward moved to vacate the judgment. This was a general appearance in the cause, and this gave the court jurisdiction of the defendant (Famous Mfg. Co. v. Wilcox, 180 Ill. 246), and the later entry of a limited appearance could not undo the effect of the general appearance. When defendant entered a general appearance and moved to vacate the verdict and judgment for the reason assigned in the motion that there was no appeal bond executed by plaintiff, that motion should have been

granted, and then leave given plaintiff to file an appeal bond.

But if the filing of a paper purporting to be an appeal bond, not signed by the plaintiff, were sufficient to confer jurisdiction of the cause upon the Circuit Court, we think it would have been just, while extending to plaintiff the leniency of permitting him to perfect his appeal several months after judgment, to give defendant an order setting aside the verdict and judgment. At the very best all plaintiff's proceedings in the Circuit Court had been irregular, and defendant had not been a party thereto, and if plaintiff were permitted to correct his errors at that late day, it should have been upon the terms that the verdict and judgment be set aside, and defendant permitted to make the defense which had been successful before the justice of the peace.

The judgment will be reversed and the cause remanded.