Fay v. Seator.

---

## Thomas Fay et al. v. Sinclair M. Seator.

1. APPEALS—*A Statutory Right.*—The right of appeal is statutory, and there must be a strict compliance with the statute in order to avail of such right.

2. SAME—*Who May Take in Forcible Entry and Detainer.*—The eighteenth section of the statute on forcible entry and detainer (Hurd's

Stat. 1899, 916) allows an appeal to any party who may feel aggrieved
by the decision of the court upon a trial under the act, and provides that
such party may have an appeal to be taken to the same courts in the
same manner and be tried in the same way as appeals are taken and
tried in other cases.

3.   Bill of Exceptions—*Office Of.*—The office of a bill of exceptions
is to introduce matter into the record which does not already appear
there.

Forcible Entry and Detainer.—Appeal from the Superior Court of
Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard
in this court at the October term, 1899. Reversed. Opinion filed April
16, 1900.

Oliver & Mecartney, attorneys for appellants.

Asa Quincy Reynolds, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

The appellee, Seator, began an action of forcible detainer
against one Jackson, before a justice of the peace, where a
trial before the justice and a jury January 30, 1894, resulted
in a verdict finding the issues for Jackson, and that he was
entitled to the possession of the premises described in the
complaint, on which judgment was rendered by the justice.
No appeal from this judgment was perfected by Seator, but
on the 3d day of February following, a bond, with Samuel
B. Lingle and Leroy Church as obligors and said Jackson
as obligee, in the penal sum of $40, was taken and approved
by the justice.   The condition of this bond recites the judg-
ment in favor of Jackson and against Seator, that Seator
had taken an appeal to the Superior Court of Cook County,
and provides that if the latter shall prosecute the appeal
with effect and pay all costs in case the judgment is affirmed
or the appeal dismissed, then the bond to be void, otherwise
to remain in full force and effect.   Seator is not a party to
the bond nor in any way bound by it.

November 19, 1895, said bond and a transcript from the
justice of the peace having been filed in the Superior Court,
the death of Jackson being suggested, appellants and others
were made parties defendant and process was thereafter
issued and served upon them.

December 5, 1898, appellants moved the court to dismiss the appeal for want of an appeal bond, which motion the court overruled, and on motion of Seator's attorney he was allowed to file a new bond on the same day, which is in the regular form of an appeal bond from a judgment of a justice of the peace in a forcible detainer case, and was approved by the court.

Thereafter the appellants moved to vacate the order of December 5, 1898, allowing Seator to file an appeal bond, and also to strike from the files his appeal bond filed December 5, 1898, and to dismiss the appeal for want of jurisdiction, all of which motions were overruled. Exceptions were duly preserved to each of these several rulings of the Superior Court.

There a trial before the court and a jury resulted in a verdict finding the "defendants guilty of unlawfully withholding the premises described in plaintiff's complaint filed in this cause, and the right to the possession of said premises is in the plaintiff." On this verdict, after overruling a motion for a new trial, the court rendered judgment, from which this appeal is taken.

Several questions are raised and argued, but we deem it necessary to consider one only, viz., whether the Superior Court had any jurisdiction in the cause.

The right of appeal is statutory, and there must be a strict compliance with the statute in order to avail of such right. Haywood v. Collins, 60 Ill. 328–33; French v. Willer, 126 Ill. 611; Tedrick v. Wells, 152 Ill. 214; Ehlert v. S. D. Co., 72 Ill. App. 59; Anderson v. Steger, 173 Ill. 112–16; Marder L. & Co. v. C. P. P. & Mfg. Co., 76 Ill. App. 431, and cases there cited.

The eighteenth section of the statute on forcible entry and detainer (Hurd's Stat. 1899, p. 916), which was in force at the time of the rendition of the justice's judgment, only allows an appeal to "any party" who shall feel aggrieved by the decision of the court upon any trial had under the act, and provides that "such party may have an appeal to be taken to the same courts in the same manner and be

tried in the same way as appeals are taken and tried in other cases."

The general statute with regard to appeals from a justice of the peace (Hurd's Stat. 1899, Ch. 79, Art. 10, Sec. 1), which is the same in substance as the statute in force at the time the justice's judgment was rendered, only provides for an appeal by a party in the cause. Section 69 of chapter 79, Rev. Stat., which was in force at the time the justice's judgment was rendered and the bond of February 3, 1894, was given, provides that no appeal from a justice of the peace shall be dismissed for any informality in the appeal bond, and that the court shall allow the party appealing to amend the same within a reasonable time. This section is not contained in the general revision of the statute regarding justices and constables in force July 1, 1895, but we deem it unnecessary to and do not decide, in this case, whether the general revision operated as a repeal of said section 69. For the purposes of this case it may be considered that section 69 is still in force.

The appeal which was attempted to be taken in this case by Lingle and Church was a nullity. They were not parties in the cause and the appeal bond signed by them does not purport to be in the name of or on behalf of the plaintiff, Seator, and is in no sense a compliance with the statute. Ham v. The People, 15 Ill. 302, and the French and Tedrick cases, *supra*.

In the Ham case, *supra*, Ham was fined by a justice for assault and battery, and with a surety, executed an appeal bond to the Circuit Court, which was approved by the justice of the peace. The statute then in force allowed an appeal in such cases to the Circuit Court by the party convicted entering into his appeal bond before the clerk of that court. The Circuit Court sustained a motion to, and did dismiss the appeal, and refused Ham's motion to file an amended appeal bond, to be approved by the clerk. This judgment was affirmed and the court say: "The attempt to take an appeal before the justice was a mere nullity. That officer had no jurisdiction of the matters." And the

court further say, in speaking of the provision of the statute, that no appeal should be dismissed for any informality in the appeal bond. " Here no appeal was taken and there was no bond to be amended. * * * To permit the amendment to be made would be equivalent to allowing an appeal to be taken after the expiration of the time limited by law."

In the French case, *supra*, where the power of the Superior Court of Cook County to take confession of judgment in a forcible detainer case under warrant of attorney in a lease, and the statute of forcible entry and detainer was considered, the court say:

" This action is a special statutory proceeding, summary in its nature and in derogation of the common law, and it is a rule of universal application in such actions, that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach and the proceeding be *coram non judice* and void. * * * The act provides a new remedy, and the course of proceeding to obtain it, and no remedy or mode of procedure can be pursued except that directed by the act. 'If the act has prescribed the remedy for the party aggrieved, and the mode of prosecution, all other remedies and modes are excluded.'"

In the Tedrick case, *supra*, where certain usees in a suit on a replevin bond attempted to appeal, the appeal was dismissed because it was not perfected by the nominal plaintiff, Tedrick, the court holding that the right of appeal was strictly statutory and could only be taken when allowed by and in conformity to the order of the court. The court say:

" Tedrick took no appeal and made no attempt to do so by filing a bond, informal or otherwise, or by filing any paper that purported to be a bond. He therefore is not within the statute, for that makes provision for the case of the party taking such appeal, and for the case of such party only."

And the court, in speaking of the offer to file an amended bond, which was disallowed by the Appellate Court, say, " You can no more amend a thing that has no existence—

not even potential—than you can amend a void thing," and held that an amended bond could not be filed.

So here, Seator took no appeal, and there was no appeal bond given by him, informal or otherwise, which could be amended, and therefore the order of court allowing a new or amended bond to be filed on December 5, 1898, was erroneous, and did not serve to give the court jurisdiction.

The numerous cases cited by counsel for appellee are all cases of informal or insufficient bonds and have no application.

The claim of appellee that because the appellants did not except to the entry of final judgment by the court, they are in no position to question the judgment in this case, is not tenable. The cases cited are not applicable, as they are cases of trial before the court without a jury. The court being without any jurisdiction in the case, it had no power to render any judgment, and any exception to its judgment was unnecessary. The office of a bill of exceptions is to introduce matter into the record which does not already appear there. Randolph v. Emerich, 13 Ill. 346.

It already appearing in the record that the court had no jurisdiction, it was unnecessary to preserve an exception to the entry of judgment.

The judgment of the Superior Court is reversed.