Harrison v. Nelson.

| 96 | 397 |
| 113 | 613 |

## A. G. Harrison v. Charles Nelson, use of, etc.

1. APPEALS—*The Right Strictly Statutory.*—The right to an appeal is strictly statutory and can only be exercised in conformity with the statute granting it.

2. APPELLATE COURT PRACTICE—*Bill of Exceptions Necessary.*— Where there is no bill of exceptions in the record the Appellate Court can not know what showing was made upon motions in the court below and will presume that the action of the trial court upon such motions was correct.

Garnishee Proceedings.—Appeal from the County Court of Grundy County; the Hon. A. R. JORDAN, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

E. L. CLOVER, attorney for appellant.

D. R. ANDERSON, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee obtained a judgment as garnishee before a justice of the peace for $12. Before the expiration of twenty days an appeal bond was filed with the clerk of the County Court by E. L. Clover, who is the only party mentioned in the bond as bound by it and who alone signed it. Afterward appellee entered a motion to dismiss the appeal for want of jurisdiction in the County Court for the reason

that no appeal bond had been entered into by appellant. The bond was held insufficient by the court, whereupon appellant entered a cross-motion for leave to amend the appeal bond, but this motion was denied and the original motion of appellee to dismiss the appeal sustained.   There was no attempt by appellant to execute a bond and the fact that another person undertook to assist him in taking the appeal by signing the bond as surety for him, did not make it appellant's bond.   No appeal was perfected and the court properly sustained appellee's motion to dismiss.   Lyman v. Williams, 84 Ill. App. 82.

It is to be noted also that there is no bill of exceptions in the record in this case, consequently we can not know what showing was made for or against the cross-motion and the action of the court in denying it must be presumed to be correct.   Sullivan v. Breen, 93 Ill. App. 526.

The judgment of the County Court is affirmed.