## H. Mueller Manufacturing Company, Appellee, v. John Boland, Appellant.

JUSTICES OF THE PEACE—*when appeal from should not be dismissed.* If a general appearance is filed by the defendant without objecting to the absence of an appeal bond, it is error to dismiss the appeal without giving leave for the filing of a new bond.

Action commenced before justice of the peace. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

LEE BOLAND, for appellant.

BUCKINGHAM & GRAY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee instituted suit against appellant before a justice of the peace in Macon county and recovered a judgment for the sum of $53.50. Appellant undertook to perfect an appeal from such judgment to the circuit court of said county but in executing the appeal bond he failed to sign the same himself, although it was signed by two sureties and was in regular form. When the case was called for trial in the circuit court and after a jury had been partially examined, on the motion of appellee, the appeal was dismissed for want of an appeal bond and a cross motion for leave to file an amended bond was overruled. From this action of the court an appeal to this court was perfected.

The record discloses that on the day set for trial in the circuit court, viz., February 21, 1908, and at the time when the case was regularly called for trial, both parties were present in court personally and by their respective attorneys; that upon the call of the case for trial, counsel for each party announced orally to the court that his client was ready for trial; that thereupon a panel of twelve jurors was regularly

642    APPELLATE COURTS OF ILLINOIS.

Sinsabaugh v. Cleveland, C., C. & St. L. Ry. Co., 149 App. 642.

called into the jury box by the clerk; that counsel for appellee examined three of such jurors when it was discovered that the purported appeal bond had not been signed by appellant. Thereupon the appeal was dismissed as hereinbefore stated.

We hold that the office of an appeal bond when filed before a justice of the peace, is to remove a cause from that court to another court for trial and that a general appearance by the appellee in such other court without objection to the bond, is a waiver of appellee's right to assert that there is no appeal pending. In Lyman v. Williams, 84 Ill. App. 82, it was held that one who entered a general appearance in a cause similar to the one now under consideration, submitted to the jurisdiction of the court, although the appeal bond was not signed by the person purporting to take the appeal. This doctrine is not qualified or modified by the opinion in Harrison v. Nelson, 96 Ill. App. 397, cited by appellee, for in that case there was no general appearance entered, but a motion, having for its object only, the dismissal of the case for want of jurisdiction.

The action of the court in dismissing the appeal after a general appearance had been entered, without giving appellant leave to amend or to supply a good and sufficient bond, was error for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*