In the Matter of Estate of Herbert M. Hill, Deceased. L. Sheldon Brown and Ruttenberg and Ruttenberg, a Partnership, Appellants, v. Hazel P. Hill, Executor of Last Will and Testament of Herbert M. Hill, Deceased, Appellee.

Gen. No. 10,573.

Opinion filed April 1, 1952. Rehearing denied May 7, 1952. Released for publication May 7, 1952.

JAMES C. HALLAHAN, of St. Charles, for appellants.

PAULSON, MORGAN & JORDAN, of Elgin, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The appellee, Hazel P. Hill, as executrix of the last will and testament of Herbert M. Hill, deceased, filed a claim in the probate court of Kane county. Her petition is for adjudication of attorneys' lien claimed by the appellants, Sheldon, Brown and Ruttenberg and

Ruttenberg, upon the proceeds of litigation pending in the city court of Elgin for the wrongful death of Herbert M. Hill. An order was entered in said probate court denying the claimed lien and the appellants appealed therefrom to the circuit court of Kane county. In the circuit court the appellee appeared specially and moved to dismiss the appeal because the court had no jurisdiction thereof; that an appeal bond of appellants had not been executed, entered or filed in said probate court within the time provided by statute, and that the purported appeal bond entered into and filed by appellants in said probate court, was by a third party who had no interest in the litigation, and that such an appeal bond was therefore a nullity. Appellants then presented a cross-motion for leave to file in said circuit court, their properly amended appeal bond. The circuit court sustained appellee's motion and denied the cross-motion filed by appellants, and dismissed the appeal. It is from this order that the appeal has been perfected to this court.

It will be observed that the appellants themselves did not sign or execute any appeal bond, but the purported bond was executed only by the Hartford Accident and Indemnity Company, which was not a party to the suit. The appellee appeared specially to file a motion to dismiss the appeal on the ground that the bond was a nullity and no appeal bond had been perfected to the circuit court.

It is insisted by the appellants that the court erred in not allowing their cross-motion to file a proper bond. They do not contend that the first bond was a proper one. The first case that the appellants rely upon is one decided by this court, *Antrim v. Guyer and Calkins Company*, 324 Ill. App. 641. An entirely different question was presented to the court in that case. The appellant himself had signed the bond, but no surety to the bond, and we there held that it was an imperfect

bond that could be amended, and that the court erred in not allowing the appellant to file a proper bond. In *Miller v. Superior Machine Company,* 79 Ill. 450, the bond was signed by the appellant, and was a defective bond, not a void bond and the court there held that appellant should be allowed to amend it.

In *Re Estate of O'Donnell,* 318 Ill. App. 373, the public administrator had attempted to take an appeal from the probate court to the circuit court. He had signed the bond and a question was raised whether the bond had been properly signed. We have examined all of the cases cited by appellants, and in none of them was the same question presented to the court as in this case. Each of the bonds had been signed by the appellant.

██ In this case we have an entirely different state of facts, from the ones heretofore discussed. The appellants themselves did not sign the bond at all, but it was signed only by the surety. The right to appeal from the county or probate court to the circuit court is purely statutory, and the statute granting such an appeal must be strictly complied with. *Hall v. First National Bank of Pittsfield,* 330 Ill. 234.

The same question was presented to this court in the case of *Harrison v. Nelson,* 96 Ill. App. 397. Here the appellant prayed an appeal from a justice of the peace court to the county court of Grundy county. He did not sign the bond himself, but it was signed only by a surety. The appellee entered a motion to dismiss the appeal for want of jurisdiction in the county court, because no appeal bond had been signed by the appellant. The appellant filed a cross-motion for leave to amend the appeal bond, but the court denied this motion and dismissed the appeal. We there stated: "There was no attempt by appellant to execute a bond and the fact that another person undertook to assist him in taking the appeal by signing the bond as surety for him, did not make it appellant's bond. No appeal was perfected

and the court properly sustained appellee's motion to dismiss.'' The same question was presented to this court in the case of *Lyman v. Williams,* 84 Ill. App. 82. This was an appeal from the justice of the peace to the circuit court of DuPage county. Here the bond was not signed by the appellant, but was executed only by the surety on the bond. The justice approved the bond and transmitted the papers to the circuit court. After a trial and judgment for the plaintiff, the defendant entered a special appearance and moved to vacate the verdict and judgment for want of an appeal bond signed by the plaintiff. The plaintiff then asked leave to file a new bond, which motion was granted and a motion of the defendant was denied. The court held that there had been a general appearance of the defendant, and his motion came too late, but in discussing the proposition whether the bond was good, uses this language: ''Reliance is had by appellee upon cases where there has been a defective execution of an appeal bond —as, where the bond was signed in the firm name with one seal instead of bearing the signature and seal of each partner; or where an officer of an appealing corporation by mistake signed his own name instead of the corporate name; or where a private instead of a corporate seal was attached. In such cases it is held an appeal has been perfected and the defect may be afterward cured. Here there was no attempt by the plaintiff to execute the bond. The fact that two persons did what they could to aid him to appeal by signing a bond as sureties for him does not make it his bond. We are disposed to hold no appeal was perfected. If not, the Circuit Court had no jurisdiction at the time it tried the cause, and if defendant had kept out of court the judgment could never have been enforced.''

In the case of *Fay v. Seator,* 88 Ill. App. 419, Seator had begun an action of forcible detainer against one Jackson, before a justice of the peace, and Jackson was

successful in the suit and Seator prayed an appeal to the circuit court. A bond was filed by Lingle and Church as obligors of Jackson, but Jackson did not sign the bond. The court stated: "Seator is not a party to the bond, nor in any way bound by it. The appeal which was attempted to be taken in this case by Lingle and Church was a nullity. They were not parties in the cause and the appeal bond signed by them does not purport to be in the name of or on behalf of the plaintiff, Seator, and is in no sense a compliance with the statute." Citing *Ham v. People,* 15 Ill. 302; *French v. Willer,* 126 Ill. 611 and *Tedrick v. Wells,* 152 Ill. 214.

■■ Our courts have uniformly held that where there is a defective bond it can be amended, and the party taking the appeal should be allowed to file an amended bond on the theory that the bond, while being defective, can be amended, but in this case the bond had no life; it is a nullity. There is nothing about it that could be amended. It was not the bond of the appellant at all, but simply of a surety company.

Under the facts as developed in this record, it is our conclusion that the court properly dismissed the appeal, and the judgment of the trial court should be affirmed.

*Judgment affirmed.*