JACOB McCORMICK, Appellant, *v.* JAMES FULTON, for the use of Samuel W. McCoy, Appellee.

APPEAL FROM WARREN.

Where an action, brought in the name of one person for the use of another, is appealed from a justice's to the Circuit Court, the nominal plaintiff (the appellee in the Circuit Court,) must be properly in court before a judgment can be rendered in the case.

A, for the use of B, sued C, before a justice, who gave judgment by default, against C ; the latter took an appeal to the Circuit Court ; the summons in appeal was served on B, only. C, withdrew his appearance and was defaulted, and a *procedendo* was ordered against him. This was erroneous. A, should have been served, or his appearance should have been entered before the case was heard.

THIS judgment was rendered by THOMPSON, Judge, at the September term, 1857, of the Warren Circuit Court. The opinion of the court gives a statement of the case.

A. G. KIRKPATRICK, and GOUDY & JUDD, for Appellant.

WEAD & WILLIAMSON, for Appellee.

WALKER, J. This was an action brought before a justice of the peace by James Fulton, for the use of Samuel W. McCoy, against Jacob McCormick, on a note, and a judgment was rendered for plaintiff by default, for $99.36; from which defendant appealed to the Circuit Court of Warren county. A summons was issued against appellee, Fulton, and was returned served on McCoy, and no return as to Fulton. At the return term, defendant was called and default entered, the appeal dismissed, and a procedendo awarded, and a judgment for ten per cent. damages and costs was rendered by the court. The defendant entered a motion to set aside the default, which was overruled by the court, from which the defendant appealed to this court.

The record in this case presents the question for our consideration, whether the court below erred in dismissing the appeal when there was no service on Fulton, the nominal plaintiff. The chapter of the R. S. entitled Justices of the Peace and Constables, page 324, sec. 60, provides that when an appeal is taken to the Circuit Court, it shall be the duty of the clerk to issue a supersedeas to stay proceedings under the judgment, and to issue a summons to the appellee to appear at the term to which the appeal is returnable, which shall be served and returned as in other cases. As the note was not assigned, the beneficial plaintiff had no right to sue in his own name. It was only by the use of the name of the payee of the note that he could sue, and there is no provision of law that authorized his name to be dropped in this proceeding; he was a necessary party in every stage of the proceeding. Courts of law can only recognize him as the plaintiff, although in modern practice, as a matter of convenience, they will declare and protect the trust. The beneficial plaintiff is not authorized to appeal in his own name, and every step taken must be in that of the nominal plaintiff. And when the defendant perfects his appeal, the nominal plaintiff becomes the appellee, and as such, must be served with a summons as in other cases; and until he is served or otherwise properly in court, it is error to proceed to render a judgment in the case. The appellee was not, until he was in court, in a position to take any steps against the defendant. In a trial in this case, the defendant had the right to make the same defense that he

would, had not the suit been brought for the use of McCoy. Fulton, therefore, had a right to resist any defense which might be made, and avoid liability as to McCoy, and to avoid the effect of a set-off if one had been set up, and prevent, if he could, a judgment against himself for costs. For these reasons Fulton should have been served, or his appearance should have been entered, before the case was heard. The judgment of the court below is reversed, and the cause remanded for further proceedings, in conformity with this opinion.

*Judgment reversed.*