# PRICE *v.* PITTSBURGH, FT. WAYNE AND CHICAGO RAILROAD COMPANY.

### (April Term, 1864.)

1. APPEAL BOND — *time of filing.* If an appeal bond be not filed within the time fixed by the court granting the appeal, the omission will be ground for dismissing the appeal.

2. APPEARANCE — *waiver thereby.* But a motion to dismiss the appeal for such cause, comes too late after an appearance.

3. APPEARANCE — *what constitutes.* A stipulation between the parties, that the abstract filed, which had been amended, should be regarded as the correct abstract, and also fixing the consideration of certain deeds referred to in the record, constitutes an appearance.

4. A joinder in error is an appearance.

5. ERASING A JOINDER IN ERROR *without leave.* Every thing written upon the record in this court will be regarded as existing until it is withdrawn or erased by leave of the court.

6. So where the appellee, after having written a joinder in error upon the record, discovered grounds for a motion to dismiss the appeal, and thereupon erased the joinder before returning the record to the files, but without leave of the court, it was held the erasure could not avail — the joinder still existed.

APPEAL from the Superior Court of Chicago.

On the 23d day of April, 1864, which was subsequent to the filing of the record in this court, the parties to this suit, by their respective counsel, entered into and filed a stipulation, in writing, that the abstract of the record, which had been amended, should be regarded as the correct abstract; and the stipulation also fixed the consideration of certain deeds referred to in the record.

Subsequently, on the 11th day of May, 1864, the counsel for the appellee moved the court to dismiss the appeal, because, as appeared in the record, the appeal was allowed in the court below on the 27th day of March, 1863, upon an appeal bond being filed within ten days thereafter, and the bond was not filed until the 7th day of April following, thus more than ten days intervening between the allowing of the appeal and the filing of the bond.

Prior to the time of making this motion the counsel for the appellee had written upon the record a joinder in error, but before returning the record to the files of the court, the counsel, discovering the grounds of the motion in the record, erased therefrom his joinder in error.

Per CURIAM: It was held in *Carson* v. *Merle et al.*, 3 Scam. 168, that where an appeal is granted upon the parties filing a bond within a designated time, the failure to file the bond within the time fixed by the court will be ground for dismissing the appeal upon motion. But such motion must be made in apt time; it comes too late after an appearance. In this case, the stipulation filed by the parties must be regarded as an appearance, and therefore a waiver of the objection taken to the time of filing the appeal bond. Moreover, the joinder in error was an appearance. True, the joinder was erased before the record upon which it was written was returned to the files of the court, but we must regard every thing which is written upon the record as still existing, unless it is withdrawn or erased by the leave of the court specially given, which was not the case here.

*Motion denied.*