Propeller Niagara

*v.*

John Martin.

Same

*v.*

John Smith.

APPEAL BOND — *by whom it must be executed.* Where an appeal is granted on condition that the persons praying it shall file the appeal bond, the persons so named must execute the bond; the filing of a bond executed by other persons will not avail. And if the bond is not executed by the proper persons, the appeal will, on motion, be dismissed, if there be no cross motion for leave to amend the bond.

APPEALS from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

These were proceedings commenced before a justice of the peace in Cook county, by John Martin and John Smith, respectively, against the Propeller "Niagara," to recover for services rendered upon the boat. The causes were removed into the Circuit Court by appeal. The proceedings were commenced by attachment, and John V. Dellor and Samuel H. Dellor entered their appearance as owners of the propeller. The action of the court being adverse to the defendants, they prayed an appeal to this court. A motion is made here to dismiss the appeals for want of sufficient bonds. The grounds of objection to the bonds are set forth in the opinion of the court.

Mr. O. B. SANSUM, for the appellant.

Messrs. SCATES, BATES & TOWSLEE, for the appellees.

PER CURIAM: In this case a motion has been made by the appellee to dismiss the appeal for want of a sufficient appeal bond. The appeal was prayed by the defendants, John V. Dellor and Samuel H. Dellor, against whom, as owners of the propellor Niagara, a judgment for costs was rendered. The appeal was granted on condition that the defendants file a bond. The defendants, John V. and Samuel H. Deller, have not joined in the bond. It is executed only by Spencer as consignee of the propellor with Robt. Rae as security. The terms of the order granting the appeal require that the defendants praying it, to wit, the Dellors, shall execute the bond. No cross motion having been made for leave to amend the bond, the appeal must be dismissed, but the appellants will have leave to withdraw the record, if they desire, for the purpose of applying for a supersedeas on suing out a writ of error. We express no opinion on other points in the case. The appeal is dismissed simply because it was not perfected in conformity with the terms of the order granting it.

This same opinion is to apply to the case of propellor *Niagara* v. *John Smith.*

*Appeal dismissed.*