## J. R. MURPHY, FOR USE, ETC.
### v.
## THE CONSOLIDATED TANK LINE COMPANY.

*Garnishment—Parties—Nominal Plaintiff—Appeal.*

1. The nominal plaintiff in a garnishee proceeding before a justice of the peace is a party to the suit, and has the right of appeal from the judgment rendered by the justice. Such plaintiff has also the right to appeal to this court from an order of the Circuit Court dismissing his appeal.

2. Where a party makes an effort to perfect his appeal from the judgment of a justice of the peace and files some sort of a bond, the same can not be dismissed because of imperfections in the bond until a rule has first been entered on the appellant to file a good one.

[Opinion filed December 16, 1889.]

IN ERROR to the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Mr. GEORGE B. FOSTER, for the plaintiff in error.

Messrs. SHEEN & LOVETT, for defendant in error.

C. B. SMITH, J. Patrick Walsh brought a suit before a justice of the peace against J. R. Murphy, appellant, upon some kind of a demand, and recovered a judgment before the justice. An execution was issued upon this judgment against Murphy and returned, "no property found." Thereupon Walsh instituted garnishee proceedings against "The Consolidated Tank Line Company," alleging that it was indebted to Murphy and a subpœna was issued against it in the usual form, when it appeared before the justice and made answer that it was indebted to Murphy in about the sum of $85, but in addition thereto stated in its answer that Murphy was a married man, the head of a family, and entitled to a $50 exemption. Thereupon the justice allowed this $50 exemption, and gave judgment in favor of Murphy for the use of Walsh against the tank line company for $35.

Murphy had no notice of these garnishee proceedings, was not subpœnaed nor present at the trial, but before the expiration of the twenty days he ascertained what had taken place before the justice in the garnishee proceeding, and in that case he took an appeal to the Circuit Court of Peoria County. The case was properly certified by the justice on appeal. In the Circuit Court Patrick Walsh moved to dismiss the appeal on several grounds: 1. Because no appeal will lie in favor of a nominal plaintiff in garnishee proceedings. 2. No appeal was taken from the judgment against the tank line company. 3. No appeal bond was given to indemnify Walsh. 4. No appeal bond has been given to the garnishees. The appeal bond filed with the justice is not abstracted, and we can not tell to whom it was given and under our rule will not search the record to find that fact.

The court sustained this motion but for what reason the abstract does not state. Counsel for plaintiff in error informs us in his argument that the court sustained the motion and dismissed the appeal for the sole reason (as appears from the bill of exceptions, as he says) "that said Murphy had no right to take said appeal and was not a party to the suit."

From this order dismissing the appeal, appellant Murphy then prayed an appeal to this court, which said prayer or appeal the court also refused. Proper exceptions were taken to this action of the court. Murphy being denied the right of appeal now brings the case here on writ of error and insists that all the proceedings of the Circuit Court were erroneous. In this contention he is clearly right and the court erred in dismissing his appeal from the justice and also in denying him the right of appeal to this court.

Murphy was a party defendant to the suit in the original proceeding of Walsh against him. He was also not only in form but in substance and in fact a party plaintiff for the use of Walsh against the tank line company in the garnishee proceeding. In that proceeding his claims and legal rights against the tank line company were to be litigated. The amount the tank line company owed him was to be determined and a judgment to be rendered in his favor against the tank

line company for the amount it owed him, if anything.   The tank line had a right to be heard in proof and a right to deny any or all or partial liability, and to set up any defense, good or bad, to Murphy's claim against it.   Murphy had a right to meet these defenses and had a right to show that a much greater sum was due him than the tank line company was willing to admit.   In other words a garnishee proceeding between a judgment debtor and his debtors for the use of the judgment creditor is simply nothing more nor less than an ordinary real law suit with three interested parties instead of two.

We think it very clear that Murphy was a party to the garnishee proceedings, and that he had a right to be present and protect his interests.   Every man must have his day in court when his life, liberty or property is in jeopardy in a judicial tribunal.   And being a party he had a right to an appeal to the Circuit Court under Sec. 28 of the Garnishee Act, Rev. Stat., 1228 (Starr & Curtis).

It was error, therefore, to dismiss this appeal for the reason assigned; and the other grounds named in the motion upon which it is argued the appeal was properly dismissed, are equally untenable.   An appeal bond of some kind was given to the judgment creditor or the garnishee, but we are not informed to which nor are we able to see from the abstract that the bond was not properly given; but even if it was wrongly given and to the wrong party or wrong in any other respect, it was error to dismiss the appeal without first taking a rule against Murphy to file a good bond.   Sec. 69, Chap. 79, Rev. Stat. (Starr & Curtis, p. 1456).

Under our statute and liberal practice (intended to promote the ends of justice), where a party desiring an appeal makes an effort to give a bond and does give some kind of a bond, though imperfect, he shall not lose his right of appeal if he will give a good bond within a reasonable time after being required to do so by a rule of court.

It was also most palpable error to refuse plaintiff in error the right of an appeal from the judgment of the Circuit Court. This right is expressly given by Sec. 28, Chap. 37, p. 702, Rev.

Stat. (Starr & Curtis). This right of appeal does not depend on whether the judgment of the Circuit Court is right or wrong nor upon the humor of the presiding judge, but upon a plain statute of the State, and no court has any right to deprive litigants of the right to have their cases reviewed by the Appellate Court when that right is conferred by statute. The judgment of the Circuit Court is reversed and the cause remanded.

The erroneous action of the court having been procured on the motion of Patrick Walsh the costs of this writ of error will be taxed to him.

*Reversed and remanded.*