J. E. TEDRICK, for use of H. N. Ruffner *et al.*

*v.*

M. D. WELLS *et al.*

*Filed at Mt. Vernon October 22, 1894.*

1. APPEAL—*must conform to the order of the court.* The right of appeal is strictly a statutory right, and can only be exercised when allowed by the court, and in conformity with the court's order.

2. SAME—*bond must be filed by party praying appeal.* The appeal bond must be made by the person praying for and obtaining the appeal.

3. SAME—*when allowed to "plaintiff," usees cannot file bond.* Where the suit is by one party for the use of others, and the order allows the appeal to the "plaintiff," the usees in the suit cannot file the bond and perfect the appeal.

4. APPEAL BOND—*cannot be amended by filing bond of another party.* Section 69 of the Practice act, providing for the amending of informal and insufficient appeal bonds, applies only to "the party taking such appeal," and does not apply to a party who files no bond and takes no appeal.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. S. Z. Landes, Judge, presiding.

Mr. William B. Wright, Mr. E. N. Rinehart, and Messrs. Faris & Hamill, for the appellants:

Section 25 of chapter 119 of the Revised Statutes defines how suit may be brought on a replevin bond. The officer in such suit is a nominal plaintiff. He has the legal right of action, and his name must be used as plaintiff. No one injured by a breach can recover except in his name. This suit was begun in the name of the sheriff, J. E. Tedrick, for use, etc.

A nominal party cannot dismiss a suit or otherwise prevent a hearing on its merits. *Sumner* v. *Sleeth*, 87 Ill. 500; 17 Am. & Eng. Ency. of Law, and cases in note 3, p. 513.

The record shows a good and sufficient bond was tendered. The court has said an informal bond perfects an appeal and may be amended. *Propeller Niagara* v. *Martin*, 42 Ill. 106; *Miller* v. *Machine Co.* 79 id. 45; *Bassett* v. *Bratton*, 86 id. 152.

Mr. J. N. Gwin, Mr. J. A. Bingham, and Messrs. Ashcraft & Gordon, for the appellees:

The right of action was in plaintiff, Tedrick, alone. *Atkins* v. *Moore*, 82 Ill. 240; *McCormick* v. *Fulton*, 19 id. 570; *Buckmaster* v. *Beames*, 4 Gilm. 443; *Hobson* v. *McCambridge*, 130 Ill. 375.

The right of appeal is statutory. Its allowance is a judicial act, and it must be perfected in accordance with the order granting it. *Carson* v. *Merle*, 3 Scam. 168; *Ryder* v. *Stevenson*, 3 id. 539; *Watson* v. *Thrall*, 3 Gilm. 69; *Johnson* v. *Barber*, 4 id. 1; *Propeller Niagara* v. *Martin*, 42 Ill. 106; *Railroad Co.* v. *Trustees*, 104 id. 91; *Hileman* v. *Beale*, 115 id. 355; *People* v. *Leaton*, 121 id. 666.

The failure of the party praying the appeal to perfect the same in the time allowed by the court is fatal to the appeal. Practice act, sec. 69; *Price* v. *Railway Co.* 40 Ill. 44; *Wormley* v. *Wormley*, 96 id. 129.

Mr. JUSTICE BAKER delivered the opinion of the court:

J. E. Tedrick, for the use of H. N. Ruffner, Hulman & Co., Robinson, Zimmerman & Co., and Hendrickson, Lefler & Co., brought debt on a replevin bond against M. D. Wells and others. The court overruled a demurrer of the plaintiff to the pleas of the defendants, and the plaintiff abided by his demurrer, and a judgment was rendered against him for costs. Thereupon the following further order was made and entered in the cause, to-wit: "To the rendering of which judgment the plaintiff excepts, and prays an appeal to the Appellate Court for the Fourth District, which is granted by the court upon plaintiff filing bond, within sixty days, in the sum of $250, said bond to be approved by the clerk of this court." Within the time limited, Herman Hulman, Anton Hulman, Benjamin S. Cox, John C. Zimmerman for Robinson, Zimmerman & Co., Alonzo P. Hendrickson, Charles W. Lefler and William B. Wright executed and filed an appeal bond in the required sum, which was approved by the clerk of the court.

The appeal was, on motion, dismissed in the Appellate Court because the appeal was not taken or bond filed by J. E. Tedrick, as provided by the order of the circuit court granting the appeal. Thereupon a motion was made for leave to file an amended appeal bond, in support of which motion an appeal bond signed by J. E. Tedrick was presented in the Appellate Court; but the Appellate Court refused the motion, on the ground that Tedrick had not filed his appeal bond within the time fixed by the order of the circuit court for filing the same, and made no attempt within that time to take or perfect his appeal.

Although Tedrick was only the nominal plaintiff, yet the legal right of action was in him, alone. This propo-

sition is conceded.    But it is urged that a nominal plain-
tiff can not dismiss the suit or otherwise prevent a
hearing on its merits, and *Sumner* v. *Sleeth*, 87 Ill. 500, is
cited in that behalf.    The case announces that doctrine,
but we are unable to see its application here.    If we com-
prehend counsel, their claim is, that equitable or use
plaintiffs have the right to take and perfect appeals, and
in doing so to execute and file appeal bonds.    That ques-
tion does not arise on this record, and any expression
of opinion by us in regard to it would be mere *dictum.*
H. N. Ruffner and the other usees did not pray an appeal,
nor did any or either of the beneficial plaintiffs make
such a prayer, and no appeal was allowed to all, or any,
or either of them.    The right of appeal is strictly a statu-
tory right, and it can only be taken when allowed by the
court, and in conformity with the order of the court.
*Carson* v. *Merle et al.* 3 Scam. 168 ; *Ryder et al.* v. *Stevenson,*
3 id. 539 ; *Watson* v. *Thrall,* 3 Gilm. 69 ; *Johnson et al.* v. *Bar-
ber,* 4 id. 1 ; *Propeller Niagara* v. *Martin,* 42 Ill. 106 ; *Chicago,
Pekin and Southwestern Railroad Co.* v. *Trustees,* 104 id. 91 ;
*Hileman* v. *Beale,* 115 id. 355 ; *People* v. *Leaton et al.* 121 id.
666.    The bond must be filed by the person praying for
and obtaining the order for appeal.    (*Propeller Niagara* v.
*Martin, supra.*)    Where an action brought in the name of
one person for the use of another is appealed, the nom-
inal plaintiff must be properly in court before a judgment
can be rendered in the case.    (*McCormick* v. *Fulton, use,
etc.* 19 Ill. 570.)    The words "for the use, etc.," are unnec-
essary for any purpose other than to protect the interest
of the usee against the nominal plaintiff.    (*Hobson* v. *Mc-
Cambridge,* 130 Ill. 367.)    In the case at bar it was "the
plaintiff,"—that is, J. E. Tedrick,—that prayed the ap-
peal, and it was the appeal of said plaintiff that was
granted "upon plaintiff filing bond within sixty days."

It was not error to sustain the motion to dismiss the
appeal that was unadvisedly taken by some of the usees.

Section 69 of the Practice act provides that no appeal shall be dismissed by reason of any informality or insufficiency of the appeal bond, if the party taking such appeal shall, within a reasonable time to be fixed by the court, file a good and sufficient appeal bond in such cause, to be approved by the court; and it is urged that the record shows that a good and sufficient appeal bond, signed and sealed by Tedrick, the plaintiff, was tendered to the Appellate Court, and that the law is, that an informal bond perfects an appeal, and may be amended. But here, Tedrick, the plaintiff, took no appeal, and made no attempt to do so by filing a, bond, informal or otherwise, or by filing any paper that purported to be a bond. He, therefore, is not within the statute, for that makes provision for the case of "the party taking such appeal," and for the case of such party, only. The failure of Tedrick to file a bond within the time fixed by the order allowing the appeal was fatal to his right of appeal. *Carson* v. *Merle,* 3 Scam. 168; *Price* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44; *Wormley* v. *Wormley,* 96 id. 129.

Appellant cites three cases as sustaining a right to file a new bond signed by Tedrick. *Bassett* v. *Bratton,* 86 Ill. 152, is not in point, for here the plaintiff had no bond to amend. You can no more amend a thing that has no existence,—not even potential,—than you can amend a void thing; and we know of no way in which you can, on the 28th day of August, 1893, transform a bond executed by Hulman, Zimmerman, Hendrickson and Lefler, into a bond signed by Tedrick prior to the 23d day of May of that year. In *Propeller Niagara* v. *Martin,* 42 Ill. 106, an order was made allowing an appeal to John V. Dellor and Samuel H. Dellor. An appeal bond was executed only by one Spencer and one Rea. The appeal was dismissed because the bond was not executed in conformity with the terms of the order granting the appeal. We are unable to see how the fact that in that case no cross-

motion was made to amend the bond, is any authority for holding that the Appellate Court committed error in this case by not allowing Tedrick to file an appeal bond in that court more than three months after the expiration of the time fixed by the circuit court for his so doing, and that, too, when Tedrick had made no attempt to file a bond within the sixty days allowed him for that purpose.  In *Miller* v. *Superior Machine Co.* 79 Ill. 450, the appeal bond both purported to be and was the bond of the company, and the fact that the court there says that even if the bond had been defective it might have been amended, is of no moment in the matter now before us.

The Appellate Court committed no error in refusing Tedrick permission to file the proffered bond.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*