THE UNION NATIONAL BANK OF CHICAGO

*v.*

LASOW L. BARTH.

*Opinion filed April 17, 1899.*

1. PARTIES—*party for whose use suit is brought need not be named in record.* It is not necessary that the name of the party for whose use a suit is brought shall appear in the record, and if it does so appear its only effect is to protect the interest of the usee against the nominal plaintiff.

2. SAME—*appeal can be taken only by party to the suit.* One for whose use a suit is brought cannot appeal in his own name from the judgment, although named in the record as usee.

BOGGS, J., dissenting.

*Union Nat. Bank* v. *Barth*, 74 Ill. App. 383, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELEY, Judge, presiding.

In the present case the suit below was prosecuted to judgment in the name of Samuel B. Barker for the use of the present appellant, the Union National Bank of Chicago. The appellant, the usee, prosecuted an appeal

to the Appellate Court in its own name. The Appellate Court dismissed the appeal, because it was taken in the name of the party for whose use the suit was brought, and without the use of the name of the nominal plaintiff, or plaintiff of record.

TENNEY, MCCONNELL, COFFEEN & HARDING, for appellant.

MORAN, KRAUS & MAYER, for appellee.

Per CURIAM: The Appellate Court, in dismissing the appeal, delivered the following opinion, speaking through Mr. Justice ADAMS:

"Samuel B. Barker, plaintiff in the trial court, sued L. L. Barth, the appellee, in assumpsit, for the use of the Union National Bank of Chicago, appellant, on a promissory note for the sum of $5000, across the face of which note was written the words, 'This note is non-negotiable.' It appears that the note was deposited by Barker with the Union National Bank as collateral security for his indebtedness to the bank. The declaration was filed in the name of Barker, as plaintiff, for the use of appellant, and the suit proceeded to final judgment precisely as if the name of the Union National Bank had not appeared in the record. The cause was submitted to the court for trial, a jury being waived by the parties, and judgment was rendered for the plaintiff for costs only. From this judgment the Union National Bank prayed and was allowed an appeal. The appellee, before the cause was reached for hearing, moved to dismiss the appeal, and this motion was reserved till the hearing, and has been fully argued by counsel for the parties. The question is, whether one for whose use a suit is brought can appeal from the judgment rendered in the suit.

"The right of appeal does not exist at common law, but is purely and strictly statutory, and when not granted by statute it does not exist. (*Hileman* v. *Beale*, 115 Ill. 355;

*Millard* v. *Board of Education,* 116 id. 23; *Haines* v. *People,* 97 id. 161; *Hesing* v. *Attorney General,* 104 id. 292; *Louisville, Evansville and St. Louis Railroad Co.* v. *Surwald,* 147 id. 194; *Tedrick* v. *Wells,* 152 id. 214; *Steger* v. *Steger,* 165 id. 579.) The right is granted by statute only to the parties to the suit. Section 70 of the Practice act, in relation to appeals to the Supreme Court, provides, among other things: 'Any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error, in the same manner as provided in sections sixty-seven (67) and seventy (70) of this act for appeals to said Appellate Court.' (3 Starr & Curtis' Stat. p. 3153, par. 91, sec. 90.) Section 67 of the act, after providing that appeals may be taken from the final judgment of the Appellate Court, contains this provision: '*And provided,* the party praying for such appeal shall, within such time, not less than twenty days, as shall be limited by the court, give and file in the office of the clerk of the court, * * * bonds,' etc. (Ibid. p. 3094, par. 68.) Section 70 provides that when judgment shall be rendered against two or more persons, 'either one of said persons shall be permitted to remove such suit to the Appellate Court, by appeal or writ of error,' etc. By this section the right of appeal is granted only to the person or persons against whom the judgment is rendered. Sections 67 and 70, relating to the same subject matter, must be construed together.

"In *Steger* v. *Steger, supra,* the court say: 'The rule that the right of appeal is limited to parties to the suit is declared in the following cases: *Rorke* v. *Goldstein,* 86 Ill. 568; *Hesing* v. *Attorney General,* 104 id. 292; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 150 id. 394.' In *Glennon* v. *Britton,* 155 Ill. 232, (238,) the court say: 'The rule appears to be well settled that an appeal must be perfected or a writ of error sued out by and in the names in which the proceedings below were conducted, and in none other, (*Robinson* v. *Magarity,* 28 Ill.

423; *Railroad Co.* v. *Surwald*, 150 id. 394, and 147 id. 194;) and that an appeal by a person not a party to the record is unauthorized and void.'

"Was appellant, the Union National Bank, a party to the record? Appellant is named in the record only as the one for whose use the suit was brought. It is not necessary that the name of the equitable owner, or person for whose use a suit is brought, shall appear in the record, (*American Express Co.* v. *Haggard*, 37 Ill. 465,) and if it does so appear its only use is 'to protect the interest of the usee against the nominal plaintiff.' (*Tedrick* v. *Wells*, 152 Ill. 214; *Hobson* v. *McCambridge*, 130 id. 367.) In the last case the court say: 'In *McCormick* v. *Fulton*, 19 Ill. 570, we said: 'As the note was not assigned, the beneficial plaintiff had no right to sue in his own name. It was only by the use of the name of the payee of the note that he could sue, and there is no provision of law that authorizes his name to be dropped in this proceeding. He was a necessary party in every stage of the proceeding. Courts of law can only recognize him as plaintiff, although in modern practice, as a matter of convenience, they will declare and protect the trust. The beneficial plaintiff is not authorized to appeal in his own name, and every step taken must be in the name of the nominal plaintiff.' (Ibid. 375.)

"The authorities cited are decisive of the question. Appellant not being a party to the judgment, its appeal is unauthorized and void, and will therefore be dismissed."

We concur in the foregoing views of the Appellate Court, and are of the opinion that the appeal was properly dismissed by that court. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Boggs, dissenting.