## B. P. Gates, for use, etc., v. David Thede et al., Partners as Thede Bros.

1. APPEALS—*By Beneficial Plaintiffs, Not Parties to the Suit.*—A beneficial plaintiff can not perfect an appeal by filing an appeal bond in his own name under an order granting an appeal to the nominal plaintiff, against whom alone judgment had been rendered.

2. JUDGMENTS—*Where a Declaration in Trover Avers Title in Nominal Plaintiff.*—Where a declaration in trover avers title to the nominal plaintiff, judgment must go for defendant if the title be proven in the beneficial plaintiff.

3. RECOVERY—*Where an Agent Takes Out a Warehouse Receipt in His Own Name for Property Belonging to His Principal.*—Where an agent took out a warehouse receipt in his own name for personal property belonging to his principal, in order more conveniently to handle said property for the principal, and the warehouseman knew the facts, if the warehouseman delivers the property to the principal, the true owner, without surrender of the receipt, the agent can not afterward recover against the warehouseman for the property, though the agent has possession of the receipt.

**Trover.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

JACK & TICHENOR, attorneys for appellant.

STEVENS & HORTON, attorneys for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of trover brought by B. P. Gates, who sues for the use of L. A. Becker Company, against David Thede and Daniel H. Thede, partners as Thede Brothers, to recover for the alleged unlawful conversion of one soda fountain, of which the declaration averred the plaintiff was lawfully possessed as of his own property, at a certain date, and that he lost the said soda fountain, and the defendants came to its possession by finding, and refused to deliver the same to the plaintiff upon request, but con- verted and disposed of the same to their own use. Defend- ants pleaded not guilty, a jury was waived, and the court found the defendants not guilty, and entered judgment against plaintiff for costs. This professes to be an appeal from that judgment.

First. No appeal has been perfected in this case. Gates was the plaintiff, and brought the suit for the use of L. A. Becker Company. The declaration averred that the plaint- iff was the owner of the property wrongfully converted.

The judgment was that Gates take nothing by his suit, and that the defendants recover from said plaintiff their costs. Plaintiff, that is, Gates, prayed an appeal from that judgment, and it was allowed, upon his filing bond in a certain sum, with approved security. Gates did not file a bond. L. A. Becker Company, the beneficial plaintiff, did file a bond, reciting that it had appealed from a judgment against it for costs. There was no such judgment against it, and it had not prayed an appeal. In Union National Bank v. Barth, 179 Ill. 83, Barker, for the use of the Union National Bank of Chicago, had brought an action of assumpsit against Barth, and had recovered costs only. The bank prayed and was allowed an appeal, and perfected it. The Supreme Court held that the Appellate Court properly dismissed this appeal. The court there said :

"It is not necessary that the name of the equitable owner or person for whose use a suit is brought shall appear in the record. And if it does so appear, its only use is to protect the interest of the usee against the nominal plaintiff."

In that case it was held that the nominal plaintiff in a suit brought by one for the use of another is a necessary party in every stage of the proceeding; that courts of law can only recognize him as the plaintiff; that the beneficial plaintiff is not authorized to appeal in his own name, and every step taken must be in the name of the nominal plaintiff; and that in that case, the bank not being a party to the judgment, its appeal was unauthorized and void. In this case, the beneficial plaintiff did not even ask for an appeal, and we think it manifest that an appeal bond filed by it in its own name confers no jurisdiction upon this court. As it may, however, be said that the opposite party, by filing briefs, has joined error, and thereby waived the question of the sufficiency of the appeal, we proceed to consider the other questions involved.

Second. Thede Brothers were warehousemen, and issued a receipt, here called a warehouse receipt, acknowledging that they had in their possession the soda fountain in question, deliverable to B. P. Gates. Gates, claiming to be the

owner of this receipt and the soda fountain, indorsed on the back thereof the following words: "Deliver to L. A. Becker & Co.—B. P. Gates," and delivered the receipt to L. A. Becker & Company. It appears that the assets of L. A. Becker & Company, a partnership, passed in some manner to L. A. Becker Company, a corporation, the present beneficial plaintiff. It is the contention of appellant that by the assignment and delivery of this warehouse receipt, the title to the soda fountain passed to L. A. Becker Company, and that it is the owner thereof; and the propositions of law which it presented, and the court below refused, were based upon that theory. If the L. A. Becker Company had brought this suit in its own name, that contention would properly be presented for decision. But this is a suit by Gates, alleging that he is the owner of the soda fountain. If appellant's contention is true, that the evidence establishes title in L. A. Becker Company, then the judgment of the court below is right, for if it has title Gates has not. The title of L. A. Becker Company can not be litigated in this proceeding, except to defeat the suit; for it is not the plaintiff, and the declaration does not assert that it has title. As said in Union National Bank v. Barth, *supra*, it was not necessary that the name of the person for whose use the suit was brought should appear in the record. The only question of title that can be litigated in this suit, under this declaration, is whether Gates had title when the suit was brought. The contention of L. A. Becker Company is also defeated by the fact that the receipt was, by its terms, made not transferable without the written consent of Thede Brothers first obtained and indorsed upon the back of the receipt; and their consent to its transfer was not obtained.

Third. Passing by the question whether appellant has defeated Gates' title by proving title in L. A. Becker Company, we pass to a consideration of the merits of the case, as between Gates and Thede Bros. The facts are these: The Hartt Manufacturing Company of Chicago was a dealer in soda fountains, and B. P. Gates was one of its traveling

salesmen. The Hartt Company sold this soda fountain to Adolph Sissung for $285 and took his notes and a mortgage to secure payment. He did not use the fountain, but concluded to buy from the Hartt Company a larger fountain. The Hartt Company, through Gates, directed Thede Brothers to haul the new fountain to Sissung's place, and to take the other fountain back to their warehouse, and Thede Brothers did this. Hartt Company surrendered to Sissung the notes and mortgage he had given for the soda fountain in question, and never received any pay therefor. Some six months later, and while the fountain still remained in Thede Brothers' warehouse, Gates was taking out a warehouse receipt in his own name for another soda fountain belonging to the Hartt Company, and Thede Brothers asked him if he did not want a receipt for the fountain in question. He said yes, and they asked him to whom the receipt should be issued. He said it might as well be made out in his name, as he would have to handle it. Accordingly they issued to him the receipt in question. Some time afterward another agent of the Hartt Company came to Thede Brothers, and said that the Hartt Company wanted this fountain, and had lost the receipt, and Thede Brothers accordingly shipped the fountain to the Hartt Company, long before this suit was brought. It is clear from the evidence that the fountain belonged to the Hartt Company, that it was not the property of Gates, and that he had the receipt issued to him ostensibly for his convenience in handling it as the agent of the Hartt Company. Gates makes this further claim of title: He and some other men in the business of acting as agents for the sale of soda fountains, testified that there was a custom in the business that where an agent sold a new fountain to a party who already had an old fountain, and sold it for the scheduled price, or for a price satisfactory to the company for which he was agent, and the agent took back the old fountain, and there was nothing said in the written order for the new fountain about the surrender of the old fountain, the old fountain became the property of the agent, and not of the company selling the new fountain, if the old fountain had previously

been paid for. That custom did not apply to the exchange of fountains with Sissung, because Sissung had not paid the Hartt Company for the first fountain, the one here in question, and it was not an old fountain and had not been used by Sissung or any one. But Gates further testified that prior to that time he had sold a new fountain to one Sipp, at Riverside, for a price satisfactory to the Hartt Company, and had taken back an old fountain from Sipp which had been paid for, and that nothing was said in the written order for the new fountain about the surrender of the old fountain, and that thereby, by virtue of this custom, the old fountain became the property of Gates; but that the Hartt Company, when it delivered the new fountain to Sipp, took away the old fountain, and disposed of it for its own benefit; that Gates afterward called the attention of Walker, the president of the Hartt Company, to this transaction, and that Walker agreed that in place of that old fountain he might have this new fountain surrendered by Sissung, and then in Thede Brothers' warehouse, and for which Sissung had never paid the Hartt Company. Walker denied that any such conversation had ever taken place, and it was improbable that the Hartt Company would thus give up a new fountain for which it had never received any payment. Aside from this conversation, testified to by Gates and denied by Walker, there is no proof that this custom had ever been known to the Hartt Company, or had ever been acted upon by the Hartt Company. Manifestly, in that state of proof, the court below was warranted in the finding that Gates had no title to the fountain so returned by Sissung to the Thede Brothers' warehouse. The warehouse receipt in the name of Gates was taken by him in his capacity as agent of the Hartt Company, and it was the true owner of the receipt. In such a state of the case, Gates was not the owner of the soda fountain, and after it had been delivered by Thede Brothers to its true owner, the Hartt Company, Thede Brothers could not be held liable to Gates for its value.

The judgment of the court below was right upon the pleadings and evidence, and it is therefore affirmed.