JOHN IRVING PEARCE et al.

*v.*

ROBERT MILLER.

*Opinion filed October 24, 1901.*

APPEALS AND ERRORS—*Appellate Court should not dismiss appeal, of its own motion, for an irregularity in bond.* If an appeal bond misrecites the judgment and leave is given by the Appellate Court to file a new bond, and the latter is presented by the appellants in good faith and ordered filed by the Appellate Court, to be given effect *nunc pro tunc*, it is error for the Appellate Court, upon discovering an alleged irregularity in the new bond when considering the errors assigned after the submission of the case, to dismiss the appeal of its own motion.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

JAMES EDWARD PURNELL, and BRODE B. DAVIS, for appellants.

W. O. JOHNSON, D. J. & D. J. SCHUYLER, Jr., and JOHN STIRLEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 19th day of May, 1900, the appellee caused judgment to be entered by confession in the superior court of Cook county in open court, at the May term of said court, against the appellants, in the sum of $6500

and costs. The confession was in virtue of a power of attorney attached to a note in the sum of $6000 executed by the appellants to the order of the Produce Exchange Bank of Chicago and by said bank endorsed to the appellee. At the June term, 1900, of the said superior court the appellants appeared in open court and filed their motion to set aside and vacate the judgment so entered against them at the preceding May term of said court, and to quash an execution which had been issued on said judgment and was then in the hands of the sheriff. It was alleged as a ground for the motion that the instrument which constituted the note and power of attorney combined, by virtue of which the confession was entered, had been materially altered and changed after its execution and delivery, without the knowledge and consent of appellants, whereby the liability of the appellants was intended to be and purported to be increased in the additional sum of $300. The respective parties presented a number of affidavits *pro et con* on the issues raised by the motion to vacate the judgment and quash the execution, and the original instrument and photographic copies and enlarged photographic copies thereof were also produced in evidence for the inspection of the court.

On the 30th day of June, 1900, the appellee, during the hearing in said superior court of the motion to vacate the judgment and quash the execution, entered a *remittitur*, remitting the sum of $300 from the judgment sought to be vacated. The motion to vacate the judgment and allow the appellants to plead to the declaration and quash the execution was argued by counsel and submitted to the court for decision. The court adjudged the motion should be overruled and denied. The appellants objected and excepted to such action of the court, and prayed an appeal to the Appellate Court for the First District. The prayer for an appeal was allowed on condition an appeal bond in the sum of $7000, with sureties to be approved by the court, should be filed within twenty days and a

bill of exceptions within sixty days.   Within the period
so allowed an appeal bond and a bill of exceptions em-
bodying the evidence produced on the hearing of the mo-
tion were filed and approved.   The record was removed
into the Appellate Court for the First District, the tran-
script (including the appeal bond, and, by stipulation of
the parties, the original bill of exceptions,) being filed in
said Appellate Court on the 22d day of September, 1900.
The appellants assigned as for error, among other alleged
errors, that the court erred in refusing to vacate or open
the judgment for defenses and overruling the motion to
vacate such judgment and quash the execution issued
thereon.   The cause stood for hearing to the October
term, 1900, of the said court.   On the 8th day of January,
1901, being yet one of the judicial days of the said Oc-
tober term of said Appellate Court, the following order
was entered in the cause in said court:   "By stipulation
of the parties herein, leave is granted to appellants to
file their appeal bond herein, dated July 28, 1900, in sub-
stitution of the original appeal bond filed by appellants
in the court below, which bond mis-recited the judgment,
the bond now and hereby filed in this court to be filed
*nunc pro tunc* of date September 22, A. D. 1900, and in
all respects to stand as if the same had been originally
filed herein in perfecting appellants' appeal to this court."
The cause was submitted for decision at a later day of
said October term.   On the 8th day of April, 1901, being
one of the judicial days of the March term, 1901, of the
said Appellate Court, the following order and judgment
was entered in said Appellate Court:   "On this day came
again the parties, and the court having diligently exam-
ined and inspected as well the record and proceedings
aforesaid as the matters and things therein assigned for
error, and being now sufficiently advised of and con-
cerning the premises, doth order that said appeal be dis-
missed; and it is further considered by the court that the
said appellee recover of and from the said appellants his

costs by him in this behalf expended, to be taxed, and that he have execution therefor." This is an appeal to bring in review in this court the judgment entered in the Appellate Court dismissing the appeal to that court.

No motion to dismiss the appeal was submitted to the Appellate Court, but the court, after the cause had been submitted to it for decision, of its own motion adjudged the appeal should be dismissed. The only ground relied upon to sustain the judgment of dismissal is, that the appeal bond referred to in the order of the Appellate Court granting leave to file the same in substitution of the original appeal bond was so defective that it did not operate to confer jurisdiction on the Appellate Court to entertain the appeal.

The bond recited that it was given to perfect an appeal from a judgment in favor of the appellee, against the appellants, in the sum of $6200, rendered in the superior court of Cook county on the 30th day of June, 1900, being one of the judicial days of the June term, 1900, of the said court, and contained nothing relative to the rendition of the judgment of the superior court denying the motion to vacate the judgment rendered at the May term, 1900, or intention to appeal from the action of the court in denying such motion. The contention is, that no judgment was rendered in any sum against the appellants at the June term of the said superior court, but that the only judicial action taken at the said term was to allow and enter a *remittitur*, which operated to reduce the judgment of the May term to $6200, and overrule or deny the motion of the appellants to vacate the judgment entered against them at the May term, 1900, of the said court, and there being no recital in the bond alluding to the action of the court in overruling the motion to vacate the judgment of May term, 1900, therefore the bond did not operate to perfect the appeal which had been prayed and allowed from the judgment or order denying the motion to vacate said judgment of May term, 1900.

The appellants entered exceptions to the judgment of the superior court overruling and denying the motion to vacate the judgment entered at the May term, 1900, and prayed an appeal from such action of the court. The prayer for an appeal was granted on condition they should, within twenty days, file an appeal bond in the sum of $7000, to be approved by the court. In pursuance of such order they filed a bond which met the approval of the judge of the said court, and the record was removed into said Appellate Court. Afterwards, it having been ascertained such bond did not contain the necessary recitals, the parties stipulated and the Appellate Court ordered the appellants should be permitted to file the appeal bond bearing date July 28, 1900, *nunc pro tunc*, in substitution of the bond so found to be defective. This latter bond was supposed by the parties to be complete and perfect in every respect. The Appellate Court ordered it should be filed and given effect *"nunc pro tunc,"* and the cause was submitted to the Appellate Court for decision as to the alleged errors assigned upon the record. The Appellate Court did not determine the cause upon the errors assigned by the parties, but dismissed the appeal on the ground the appeal bond was not in conformity with the statutory requirements.

There is no suggestion the appellants did not file the original appeal bond in good faith, as being a perfect and sufficient bond. It was withdrawn from the files when the second bond was substituted in its stead, and it does not appear in the transcript. The parties and the Appellate Court regarded the defect in it as but an irregularity, and treated it sufficiently legal and formal to invest the Appellate Court with jurisdiction to entertain the appeal and order the filing of the bond of July 28, 1900, *nunc pro tunc*, and retain the cause for final decision. The cause was thereupon by the parties submitted to the Appellate Court for decision on the errors assigned on the record by the respective parties. The appellee could not

have been heard to complain of the alleged sufficiency of the bond, (*Price* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44,) and the Appellate Court should have proceeded to the final disposition of the cause. It was error to dismiss the appeal.

The judgment of the Appellate Court is reversed and the cause will be remanded to the Appellate Court, with directions to that court to consider and determine the cause upon the errors assigned upon the record.

*Reversed and remanded, with directions.*