## Robert Gilray, for use, etc., v. Metropolitan National Bank.

### Gen. No. 11,031.

1. APPEAL—*beneficial plaintiff cannot, in his own name.* A beneficial plaintiff has neither the right to sue nor to appeal in his own name.

2. APPEAL—*when, lies from justice's judgment in attachment proceeding.* Where a justice has jurisdiction and renders judgment in favor of the garnishee in an attachment proceeding, the defendant in the original attachment proceeding may appeal therefrom.

Attachment proceeding. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904. Rehearing denied April 29, 1904.

DICKINSON & HAREMSKI, for plaintiff in error.

ORVILLE PECKHAM, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

One Theodore A. Morgenstern sued Robert Gilray in an attachment proceeding brought before a justice of the peace, and summoned the Metropolitan National Bank as garnishee. Gilray was not served with process nor was there any property found upon which to levy the attachment writ. The justice rendered judgment against Gilray by default as provided in sections 81 and 83, chapter 79, Revised Statutes. Subsequently, the garnishee having appeared and answered, a hearing was had before the justice and the garnishee was discharged, recovering judgment for costs. From this judgment in favor of the garnishee an appeal was taken to the Circuit Court, not by Gilray, the attachment debtor, nor in his name, for the use of Morgenstern, but by Morgenstern, the plaintiff in the original attachment, against whom, so far as appears from the record, no judgment was entered. He was not a party of record in the garnishment proceed-

ing before the justice. As beneficial plaintiff only, he had
no right to sue in his own name and did not. For the same
reason he had no right to appeal in his own name from a
judgment against his principal. Union Nat. Bank v. Barth,
179 Ill. 83–86. That right exists only by statute and is
granted only to the parties to the suit. See also Murphy
v. Consolidated Tank Line Co., 32 Ill. App. 612. The suit,
therefore, was properly dismissed when the cause was
reached for trial in the Circuit Court, without reference to
whether the reason apparently given for the court's action
was or was not correct.

Both parties rest the argument presented in this court
upon the question whether there was a valid judgment
against the attachment debtor upon which to base the ap-
peal to the Circuit Court from the judgment of the justice
discharging the garnishee. If that appeal had been taken
in the name of Gilray, the attachment debtor, for use, etc.,
it would doubtless have had the effect to set aside, as stated
in Reynolds v. DeGeer, 13 Ill. App. 113–116, " the entire
adjudication, including that by which the attachment was
dissolved," viz., the discharge of the garnishee and the
failure of the garnishment proceedings upon which the at-
tachment depended for validity. " By said appeal the ad-
judication had before the justice was vacated and the cause
was removed to the Circuit Court for a trial *de novo*."
*Idem*. In such case it would have become necessary for
the Circuit Court to determine whether the plaintiff in at-
tachment was entitled to a judgment against the attach-
ment debtor, as well as whether the latter was entitled to
a judgment against the garnishee. The case before us is dif-
ferent from one in which the justice finds against the gar-
nishee. Under such finding the judgment *in rem* against
the attachment debtor would remain in full force, and if
the garnishee appealed he would not be concerned as to
whether the Circuit Court heard evidence to prove the in-
debtedness claimed by the plaintiff in attachment. Pome-
roy v. Rand, 157 Ill. 176. When, however, as here, the
justice has jurisdiction and renders judgment in favor of

the garnishee, his " errors and irregularities can only be called in question by the defendant in the original attachment." *Idem.*

The judgment of the Circuit Court is affirmed.

*Affirmed.*