SAMUEL B. LINGLE *et al.*

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed June 23, 1904.*

1. APPEALS AND ERRORS—*appeal must be in conformity with order of court.* The right to prosecute an appeal from a judgment or decree is purely statutory, and the appeal must be taken in conformity with the order of court allowing it.

2. SAME—*several bond will not support joint appeal.* An appeal allowed in a special assessment proceeding to the "objectors" cannot be perfected by an appeal bond binding one of the objectors, only.

3. SAME—*right of appeal in special assessment proceedings.* An appeal may be allowed in a special assessment proceeding to all the owners of property against which judgment is rendered, upon the joint bond of such owners; or several appeals may be allowed to the respective owners upon several bonds, as may be specified in the order allowing the same.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

CHARLES S. MCNETT, (L. M. ACKLEY, of counsel,) for appellants.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an attempt on the part of Samuel B. Lingle and Joseph Barnett to perfect an appeal from the judgment of the superior court of Cook county fixing the just compensation to be paid to the owners of certain lots and parts of lots to be taken, under the provisions of an ordinance of the city of Chicago, for the purpose of opening Princeton avenue from West Forty-sixth street to West Forty-sixth place, and confirming a special assessment against lots and parts of lots of which the said Lingle, Barnett and others, to the number of forty or more, are the owners, respectively, for the benefits accruing to said property of the said Lingle, Barnett and other owners by reason of the opening and extension of the said Princeton avenue.

The motion entered in behalf of the appellee city of Chicago to dismiss the appeal must be granted. The order granting an appeal reads as follows: "To the entry of said judgment counsel for *objectors* take an exception and pray an appeal to the Supreme Court of Illinois, which is allowed upon the filing of a bond for $250 and a bill of exceptions within thirty days from date." But one appeal bond is in the record. It is signed by Samuel B. Lingle, Joseph Barnett and Nels Nelson. The condition of the bond is as follows:

"The condition of the above obligation is such, that whereas the said city of Chicago did, on the 23d day of January, A. D. 1904, in the superior court of Cook county, in the State aforesaid, and of the January term thereof, A. D. 1904, recover a judgment against the above bounden Samuel B. Lingle for the sum of five hundred and eighty-two 50/100 dollars and......cents, besides costs of suit, from which judgment of the said superior court of Cook county the said Samuel B. Lingle has prayed for and obtained an appeal to the Supreme Court of said State: Now, therefore, if the said Samuel B. Lingle shall duly prosecute his appeal with effect, and moreover pay the

amount of the judgment, costs, interests and damages rendered and to be rendered against him in case the said judgment shall be affirmed in said Supreme Court, then the above obligation to be void, otherwise to remain in full force and virtue."

This is an appeal bond on the part of said Samuel B. Lingle only. No appeal having been perfected or attempted to be perfected on behalf of Joseph Barnett, he has no standing in this court as an appellant from the judgment confirming benefits against his property.

Nor can we entertain jurisdiction of the cause as the separate appeal of Samuel B. Lingle. The right to prosecute an appeal from a judgment or decree is purely statutory, and can only be taken when allowed by an order of the court and in conformity with the order of the court. (*Tedrick* v. *Wells*, 152 Ill. 214; *Vickers* v. *Tyndall*, 168 id. 616.) Judgments confirming special assessments are several judgments against the different parcels of property, but section 95 of the act in force July 1, 1895, entitled "An act concerning local improvements," (4 Starr & Cur. Stat. chap. 24, par. 132, p. 201,) provides that the court may enter an order allowing appeals in such proceedings to be taken either jointly by all the owners of the property against which the judgments have been rendered, upon the joint bond of such owners, or allowing several appeals to be taken by the respective owners upon several bonds, "as may be specified in the order allowing the same," to use the language of the section. It appears from the order granting an appeal from the judgment confirming the assessment of benefits in this proceeding, which we have hereinbefore quoted, that an appeal was prayed by and on behalf of "the objectors," and such prayer was allowed on the filing of a single bond. We have in many instances, in special assessment proceedings under such orders, entertained jurisdiction of appeals perfected by all of the owners of the property against whose property the assessment had been con-

firmed. The order does not award a several appeal upon the several bond of any objector.

In the early case of *Carson* v. *Merle*, 3 Scam. 168, it was said: "The court below granted the appeal upon the defendants entering into bond, etc., within thirty days. The bond was executed by one of the defendants, Carson, only. * * * Although the statute allows any one of several defendants to remove a cause to this court from a circuit court by appeal, yet where the appeal is prayed for by all and granted upon condition of their entering into bond, the condition and order must be complied with or the appeal cannot be perfected," and the appeal was dismissed. This ruling has been approved in many later cases, among them *Watson* v. *Thrall*, 3 Gilm. 69, *Johnson* v. *Barber*, 4 id. 1, *Hileman* v. *Beale*, 115 Ill. 355, and *Tedrick* v. *Wells*, *supra*.

The appeal must be and is dismissed.

*Appeal dismissed.*