# John Naughton, for use of William Reineke, Appellee, v. John Gordon, Appellant.

## Gen. No. 5372.

·1. APPEALS AND ·ERRORS—*upon what right of appeal predicated.* There is no inherent right to an appeal in any party to a suit at law; wherever a right to an appeal exists it is derived from some statute, and to perfect an appeal the statute must be complied with.

2. APPEALS AND ERRORS—*who not entitled to appeal.* A beneficial plaintiff has no right to appeal in his own name from a judgment of a justice of the peace where no judgment for costs has been rendered against him.

Action commenced before justice of the peace. Appeal from the County Court of La Salle county; the HON. W. H. HINEBAUGH, Judge, presiding. Heard in this court at the April term, 1911. Reversed. Opinion filed October 13, 1911.

JAMES J. CONWAY, for appellant.

ARTHUR H. SHAY, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

John Naughton was the owner of a stallion to which William Reineke bred a mare. Reineke sold the mare at auction and at the sale announced that the purchaser would have to pay the service fee. Gordon bought the mare, but refused to pay the service fee. Naughton threatened to sue Reineke, who then paid the stud service, and brought a suit before a justice of the peace, entitled John Naughton for the use of William Reineke against John Gordon, to recover such service fee. The justice decided the case in favor of Gordon, but did not render a judgment for costs against Reineke, the party for whose use the suit was

brought, as he might have done under section 19 of chapter 33 of the Statute. What would have been the effect if a judgment had been rendered against Reineke, the beneficial plaintiff, for costs is not presented for review. Reineke filed in the office of the county clerk an appeal bond signed by himself and a surety. The record does not show that any summons was issued, but Gordon appears to have voluntarily entered his appearance and moved to dismiss the appeal because it was not taken by Naughton, the plaintiff. Reineke entered a cross motion for leave to amend the appeal bond. The court overruled the original motion and allowed the cross motion. The form of the bond was changed to show that the appeal was taken by the beneficial plaintiff, but Naughton declined to sign it. Gordon again moved to dismiss the appeal for the reason it was not taken by Naughton, the plaintiff, and that the alleged bond is not such an appeal bond as is contemplated by statute. The court overruled the motion. The cause was tried by a jury and a verdict and judgment for fifteen dollars rendered against the defendant, who prosecutes this appeal.

The only question presented that we deem necessary to consider is whether the county court had any jurisdiction of the parties to this cause by virtue of the attempted appeal by Reineke. There is no inherent right to an appeal in any party to a suit at law; wherever a right to an appeal exists it is derived from some statute, and to perfect an appeal the statute must be complied with. Steger v. Steger, 165 Ill. 579; Union National Bank v. Barth, 179 Ill. 83.

Naughton, the nominal plaintiff, has no interest in the matter in controversy and declined to take the part of either side; while Reineke, the beneficial plaintiff who began the suit in the name of Naughton for his use to recover the fifteen dollars from Gordon, has no right under any statute to appeal in his own name. McCormick v. Fulton, for use, 19 Ill. 570; Tedrick v.

Wells, 152 Ill. 214; Union National Bank v. Barth, *supra*; Gilray for use v. Met. Nat. Bank, 113 Ill. App. 485; Gates v. Thede, 91 Ill. App. 603; Fay v. Seator, 88 Ill. App. 419.

Whatever may be the rule concerning appeals from courts of record, our attention has not been directed to and we have not found any provision of the statute which permits a beneficial plaintiff against whom no judgment has been rendered to appeal from a judgment of a justice of the peace in his own name. The appeal must be in the name of the nominal plaintiff. The judgment is reversed because the attempted appeal by the beneficial plaintiff, without the nominal plaintiff joining in it, was not an appeal, and did not give the county court any jurisdiction. The judgment is therefore reversed.

*Reversed.*