Charles Hopper et al., v. Caroline Connelly et al.
On Appeal of Caroline Connelly and George B. Quigg, Appellants, v. George G. Barrows, Appellee.

Gen. No. 17,942.

1. APPEALS AND ERRORS—*joinder in appeal bond.* Where an appeal is granted to three parties jointly and two are principals on the appeal bond and the other a surety, the appeal is properly dismissed, since not prosecuted in conformity with the order.

2. APPEALS AND ERRORS—*conformity to order, allowing.* A court of review is without jurisdiction to hear an appeal when it is not prosecuted in conformity with the order of the court allowing it.

3. APPEALS AND ERRORS—*former ruling.* A court of review in considering a motion to dismiss for want of jurisdiction is not bound by a prior order denying the motion.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Dismissed. Opinion filed March 6, 1913. Rehearing denied March 20, 1913.

EDWARD H. KUBITZ, for appellants; GEORGE B. QUIGG, *pro se;* L. J. HAIGLER, of counsel.

KRUSE & PEDEN and R. C. MERRICK, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

A bill in chancery was filed in the Circuit Court to foreclose a trust deed conveying certain real estate to secure a promissory note. After various and complicated experiences in the cause, a report by Master in Chancery Rogers, to whom the cause had been referred, was made, finding that the material allegations of the complainants' bill had been proved. To this report no objections or exceptions were filed. A decree was entered in accordance with the recommendations of the report, from which decree this appeal is taken.

The appellee has moved in this court that the appeal

be dismissed, upon the ground that where an appeal is granted to two or more parties jointly all appellants must join as principals in the execution of the appeal bond. Inspection of the record discloses that Caroline Connelly, Hattie Sattler and George B. Quigg prayed and were granted an appeal upon filing a bond with the clerk of the Circuit Court. The appeal bond filed runs from "Carolina" Connelly and George B. Quigg, as principals, and Hattie Sattler and Henry Peters as sureties, and contains the recital that from the decree of the Circuit Court "the said Carolina Connelly and George B. Quigg have prayed for and obtained an appeal to the Appellate Court, within and for the First District in said state; Now, therefore, if the said Carolina Connelly and George B. Quigg shall duly prosecute *their* said Appeal with effect, and moreover pay the amount of the decree, costs, interests, and damages rendered and to be rendered, against *them*," etc.

We therefore have before us almost the same situation considered by the court in Lingle v. City of Chicago, 210 Ill. 600, in which it was held that there was no jurisdiction to entertain the appeal, the court saying (p. 602): "The right to prosecute an appeal from a judgment or decree is purely statutory, and can only be taken when allowed by an order of the court and in conformity with the order of the court. Tedrick v. Wells, 152 Ill. 214; Vickers v. Tyndall, 168 Ill. 616." To the same effect is Fortune v. Gilbert, 207 Ill. 235, and numerous other decisions. We have no discretion in the matter, but must dismiss the appeal.

As this motion goes to the jurisdiction of the court, we are not bound by the prior order of this court denying the motion to dismiss, but that order, which was entered on February 8, 1912, will be vacated and set aside, and the appeal will be dismissed.

We might add, however, that from our inspection and consideration of the record we are of the opinion that in any event the appeal is without merit.

*Appeal dismissed.*